UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REISAN VALLE-REYES,

      Petitioner,

      v.                                                         Case No.:  2:26-cv-00518-SPC-DNF

FIELD OFFICE DIRECTOR *et al.*,

      Respondents,

                                      /

## OPINION AND ORDER

Before the Court are Reisan Valle-Reyes's Petition for Writ of Habeas Corpus (Doc. 1)[1] and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

Valle-Reyes is a native and citizen of Cuba who entered the United States on February 1, 2022.  Border Patrol apprehended him near the border, issued a notice to appear, and released him on $3,000 bond.  On July 1, 2025, Valle-Reyes was convicted of "street takeover" and sentenced to three months' probation.  As a result, the Department of Homeland Security canceled his bond.  When Valle-Reyes reported to Immigration and Customs ("ICE")'s Miramar office, ICE arrested him.  On March 2, 2026, Valle-Reyes appeared in

---

[1] Valle-Reyes's girlfriend Dailen Alfonso Gonzalez filed the petition as his "next friend."  The respondent objects to her authority to do so.  The Court is satisfied that Alfonso Gonzalez satisfies the requirements for "next friend" standing established in *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

immigration court and agreed to voluntarily depart the United States by April 1, 2026. He is currently detained in Glades County Detention Center without an opportunity to seek release on a new bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Valle-Reyes. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Valle-Reyes asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025).[2] The Court's reasons for granting habeas relief in those cases apply equally here.

---

[2] The respondents do not argue the bond cancellation or agreement for voluntary departure alter the Court's analysis.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile.  And like the petitioners in those cases, Valle-Reyes's detention is governed by § 1226(a), not § 1225(b)(2).  As a noncitizen detained under § 1226(a), Valle-Reyes has a right to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[3]

The Court will thus order the respondents to either bring Valle-Reyes before an immigration judge for an individualized bond hearing within ten days or release him.  To satisfy this Order, the hearing must include consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Valle-Reyes's immigration counsel must be given at least 48 hours' notice of the hearing, but only if they have entered their appearance in the Executive Office

---

[3] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA.  The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue.  The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive.  And a circuit split is likely.  In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits.  *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

of Immigration Review's online filing system in time to receive the notice.  The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a bond hearing that satisfies these requirements.  But, to be clear, subjecting Valle-Reyes to mandatory detention under § 1225(b)(2) is unlawful.  If Valle-Reyes does not receive a bond hearing that complies with this Order within ten days, the respondents must release him.

Accordingly, it is hereby

**ORDERED**:

Reisan Valle-Reyes's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Valle-Reyes for an individualized bond hearing before an immigration judge or (2) release Valle-Reyes under reasonable conditions of supervision.  If the respondents release Valle-Reyes, they shall allow him access to a phone to arrange transportation from the facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

4

**DONE AND ORDERED** in Fort Myers, Florida on March 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

5